PROSPER ADAM DWORACZYK V. STATE

No. 34,411.   March 7, 1962

*Hal J. Putman* and *James V. Mondin,* San Antonio, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving while intoxicated; the punishment, 3 days in jail and a fine of $50.00.

Officer Archie Williams testified that on the night in question he observed the appellant driving his automobile upon W. W. White Road in the City of San Antonio and after pursuing him for several blocks stopped him for speeding. The officer testified that when he went to the automobile, appellant appeared to be intoxicated and after he observed that appellant's eyes were watery, his speech was slurred and that he had difficulty in walking, he took appellant to the police station and booked him for Driving While Intoxicated. Officer Williams further testified that in his opinion appellant was at such time intoxicated.

As a witness in his own behalf, appellant admitted having had a few beers prior to his arrest but stated that he thought he was sober. Witnesses were called by appellant who testified that they had observed appellant during the afternoon and expressed their opinions that at such time he was sober.

The jury resolved the disputed issue of intoxication against appellant and we find the evidence sufficient to sustain their verdict.

Appellant's sole contention on appeal is that the court erred in refusing to permit him to ask each prospective juror on voir dire examination of the jury panel the following question: "At present do you engage in any form of athletics, particularly bowling?"

While an accused is allowed great latitude in his voir dire examination of prospective jurors to determine whether a preemptory challenge will be used, there is nothing in the record which shows that the question sought to be propounded to the jurors relative to their participation in athletics had any relevancy to the inquiry; hence no abuse of discretion on the part of the trial court is shown.

Furthermore, the record does not show what the answers

of the prospective jurors would have been or that any juror served on the jury who was objectionable to appellant. In the absence of such a showing no reversible error could be predicated upon the court's ruling. Yelton v. State, 75 Texas Crim. Rep. 38, 170 S.W. 318; Williams v. State, 147 Texas Crim. Rep. 178, 179 S.W. 2d 297 and Lehman v. State, (p＿＿, this volume).

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.